UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION-SPRINGFIELD

| | |
|---|---|
| In re: | ) |
| | ) Case No. 07-60283-ABF7 |
| Lalonnie Marie (Groves) | ) |
| Debtor. | ) |
| | ) Chapter 7 |
| Lalonnie Marie | ) |
| Plaintiff, | ) |
| | ) Adv. Proc. 07-06032-ABF7 |
| v. | ) |
| | ) |
| SALLIE MAE, INC, CITIBANK NA, | ) |
| EDUCAIDEXTRA PREM LN, ECMC, | ) |
| MOHELA, and LMV FUNDING, | ) |
| Educational Credit Management Corp. | ) |
| and Campus Partners | ) |
| Defendants. | ) |

## AMMENDED COMPLAINT BY DEBTOR

**COMES NOW LALONNIE MARIE**, Debtor (hereinafter Debtor or Plaintiff), in response to requested alterations and further explanation of circumstance, leading to the substantive issue of undue hardship:

In response to the Defendant's (Educational Credit Management Corporation, "ECMC") request to alter complaint to address Long v Educational Credit Management Corp, in that the Defendants specified that , "In this Circuit, the applicable standard for determining undue hardship is the "totality of the circumstances" test. Long v.

Educational Credit Management Corp. (In re Long), 322, Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews), 661 F.2d 702 (8th Cir. 1981) the Debtor has provided the following to adequately allow the courts to consider (1) *the debtor's past, current and reasonably reliable future financial resources; (2) the reasonable and necessary living expenses of the debtor and the debtor's dependents;*

### DESCRIPTION OF MINIMAL LIVING EXPENDITURES:

Charting of Debtor's approximate monthly expenditures; expenses are presented in *per month* totals, unless otherwise specified.

---

Minimum student loan payments= $2,000.00 per month

Rent= $700 per month

Utilities/housing insurance/other housing expenses= $250 per month

Health insurance=$100 per month

Auto payment & insurance= $300 per month

Food= $300 per month

Gas= $160 per month

Clothing=$50 per month

Fitness (supplements & membership) = $35 per month

*These totals have been determined based on approximations of previously incurred living expenses of Debtor.*

TOTALITY of minimum expenses, *not including entertainment, miscellaneous, or savings and/or investment plans of any kind:* = $ 3,895

Therefore, to maintain a minimal standard of living, the Debtor would need to earn at least $3895 (without deductions). Therefore, with deductions, such as federal withholdings, FICA, Social Security, et cetera, the Debtor would need to earn a *minimum* of $5181 per month, or, $62,165.00 per annum.

This has been determined and will be submitted before the court due to the Debtor's combined earned average income, submitted in original complaint, is $4994.00 (see chart below). Additionally, the Debtor has no secondary income, which would significantly lower and alter even *this* average.

The Petitioner's **gross** income for the years 2001 until present (2007) are as follows:

2001 = $9,265

2002 = $682

2003 = $1,651

2004 = $5,618

*2005 = $3,498

*2006 = $9250

The Debtor has not earned a salary (in the range indicated above) during the past 14 years and is not likely to do so at this time, or at any time in the future. The Debtor has filed bankruptcy due to the "totality of circumstances" leading to poverty and thus wishes to be discharged of all debt incurred. To deny this motion would be to deny the Debtor a fresh start, to dismiss the totality of circumstances, and to dismiss impropriety, breach of contract, fraud by misrepresentation and concealment/omission of fact on the part of her

educational institution, described in Debtor's original complaint. While the Defendants have not seen this part as relevant and/or that this "circuit has authority" to determine (fraud by misrepresentation, leading to the bulk of the Debtor's loans), as indicated on face sheet of Adversarial Complaint, section 11 USC 523 (a) (2), which is a substantive issue of state law, as it falls under the Missouri Merchandising Practices Statute 407.020 and as defined in section 407.453), the Debtor has not been provided evidence that a total strike of testimony is acceptable.

The Debtor understands that this Circuit cannot provide a judgment or an order for the *breach of contract* experienced by the Debtor (as this will be handled in the appropriate court with the appropriate authority). However, the Debtor asserts that the testimony submitted should be considered under adversarial section USC 523 (a) (2), in determining justification for this plea.

The Defendants also wished to address the following: "the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt — while still allowing for a minimal standard of living. . ." Long, 322 F.3d 544. In regard to this entry, the only plausible means by which to test 'reasonable future income' is to reflect on past earnings and produce an average of these totals. It is rendered impossible to formulate a hypothesis based on current income, as the Debtor has been in a state of unemployment for the past seven months, (or, $0.00 income) despite multiple applications within her current field of Healthcare and positions within the Communications industry. Therefore, in describing the totality of circumstance, the Debtor is unable to make any payments of her student loans and this will likely continue.

The Debtor is aware that student loans are not dischargeable solely because they have been filed within a bankruptcy discharge, or, because the loans have been on file for at least seven years. The Debtor further recognizes that courts within the United States have a vested interest in recovering as much money as possible from United States lending entities, such as Sallie Mae. However, this causes a conflict of interest within bankruptcy law and the proceedings therein. However, the Debtor believes, based on history, no alternative resource, current income, and the probability of continual poverty of circumstance (if forced to repay her student loans) that she will not be able to maintain a *minimal* standard of living.

## PLEA TO RECOGNIZE UNDUE HARDSHIP

While the Law is, in general, vague regarding what constitutes undue hardship, many Courts have used the <u>Brunner Test</u>. Used by many Courts to determine "undue hardship," the Brunner Test assess the following three evidences: (1) the Debtor cannot maintain a minimal standard of living if forced to repay the loans, given current income and expenses; (2) additional circumstances exist indicating that the Debtor's situation is likely to persist; and (3) the Debtor has made a good faith effort to repay the loans.

As the Court can see, the debtor cannot maintain a minimal standard of living. The Debtor has filed for bankruptcy under Chapter 7 and has been granted such, but only a partial discharge.

BRUNNER TEST ENTRY ONE: 'THE DEBTOR CANNOT MAINTAIN A MINIMAL STANDARD OF LIVING IF FORCED TO REAPY THE LOANS, GIVEN CURRENT INCOME AND EXPENSES:

The courts can ascertain, from the entries above and below, that this is a valid undue hardship case which readily meets this requirement, specifically given the totality of circumstance.

BRUNNER TEST ENTRY TWO: 'ADDITIONAL CURCUMSTANCES EXIST INDICATING THAT THE DEBTOR'S SITUATION IS LIKELY TO PERSIST:

The court can see, based on history and current income standing, compounded by student loan debt acquired to pay a fraudulent institution that misrepresented itself under Missouri Statues and national educational regulations, that the Plaintiff would not be able to repay her debt without undue hardship and duress. She should therefore be accorded the full measure of Bankruptcy protection, by law.

BRUNNER TEST ENTRY THREE: 'THE DEBTOR MADE A GOOD FAITH EFFORT TO REPAY THE LOANS:' The Plaintiff had paid off all loans specified and contracted under the NHSC. The Plaintiff has no other means of payment and no longer qualifies for this program. Additionally, the Plaintiff has exhausted resource for *any* other assistance. The Plaintiff bears the burden of proving she is entitled to a discharge of her student loans by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 287 (1991) (preponderance of the evidence standard for dischargeability complaints); Douglass v. Great Lakes Higher Educ. Servicing Corp. (In re Douglass), 237 B.R. 652,

655 (Bankr. N.D. Ohio 1999)("In dischargeability matters, the burden of proof is upon the complainant who must demonstrate a sustainable basis for its action by a preponderance of the evidence."); accord Johnson v. USA Funds, Inc. (In re Johnson), 121 B.R. 91, 92-93 (Bankr. N.D. Okla. 1990); Lohman v. Connecticut Student Loan Found. (In re Lohman), 79 B.R. 576, 578 & n.5 (Bankr. D. Vt. 1987).44 Some courts employ a "shifting burdens" model for § 523(a)(8) litigation. See Perry v. Student Loan Guarantee Found. of Arkansas (In re Perry), 239 B.R. 801, 808-09 (Bankr. W.D. Ark. 1999) . The conferees also note the availability of various options to increase the affordability of student loan debt, including deferment, forbearance, cancellation, and extended, graduated, income-contingent and income-sensitive repayment options. In this aspect, it should be noted that the Plaintiff has filed for deferment, forbearance, and economic hardship for the past 14 years, for just cause. It would be advisable, given the Plaintiff's past, present, and likely continual circumstance of income to grant full discharge of student loans under §11 U.S.C. 523 (a) (8) (B). This is just and reasonable in regard to Plaintiff's continual inability to repay loans, justified by most, if not all means tests, cases, and statutes used by Courts nationwide to determine adequate showing of undue hardship.

Additionally, the Plaintiff understands that although the two subsections of former § 523(a)(8) are generally described as two discrete exceptions, see TI Federal Credit Union v. Delbonis, 72 F.3d 921, 927 (1st Cir. 1995) ("Congress delineates only two exceptions to this [student loan] nondischargeability policy."), historically there has been some practical interplay between them. The undue hardship inquiry was only invoked by debtors within the early years of their loan repayment period. This dynamic influenced

some courts in their application of the "undue hardship" exception. See Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298, 299-300, 305 (3d Cir. 1995)("The Brunner standard, as applied here, meets the practical needs of the debtor by not requiring that he or she live in abject poverty for up to seven years before a student loan may be discharged."); Brunner v. New York State Higher Educ. Ser vs. Corp.(In re Brunner I), 46 B.R. 752, 754-55 (S.D.N.Y. 1985) (hereinafter In re Brunner I)("It is the nature of § 523(a)(8)(B) [undue hardship] applications that they are made by individuals who have only recently ended their education," and thus require a showing of "additional circumstances which strongly suggest that the current inability to pay will extend for a significant portion of the repayment period of the loan."

It should also be noted that due to poverty of circumstance, the Plaintiff has lost certification as a Registered Substance Abuse Professional (Missouri) specifically due to inability to pay recertification fee, National Board Certification as a Nationally-Certified Counselor, due to inability to maintain dues. This only lessens the Plaintiff's ability to practice and secure income, interaction with professionals, etc. Additionally, the Plaintiff has lost membership in both the American Psychological Association (APA Graduate Student) and the Missouri Psychological Association (MOPA, student) due to inability to pay dues and forced ineligibility due to non-student status and inability to pay excessively higher fees outside of student status. Both memberships were held and maintained by Plaintiff for the past four years.

The Plaintiff has also found that Economic Hardship, as Part of the § 523(a)(8) Analysis, the United States argues that one need not review the debtor's "personal and financial facts and circumstances" because "facts and circumstances relating only to an economic

hardship on a debtor and a debtor's dependants" are not relevant to the § 523(a)(8) inquiry. Admitting the absence of any buttressing statutory or decisional authority, the Department "relies upon logic and reason in support of its position." It offers three observations on the Code and the Department's procedures to support its viewpoint. First, Congress has strung together "an ever increasing list of debts under § 523 which are non-dischargeable in a Chapter 7." Most of them operate without reference to the debtor's post-discharge financial status. Second, Congress recently constricted the dischargeability of student loans, eliminating the § 523(a)(8) seven-year time limit on B.R. at 734 & n.6 (creditor has initial burden of establishing the existence of a student loan debt and the debtor bears the burden to prove by a preponderance that her circumstance constitute undue hardship). Where, as here, the debtor commences suit acknowledging that the obligations in contest are educational loans within the meaning of the statute, it is unnecessary to consider the propriety of that model.

The government's argument overlooks at least one recently-enacted discharge exception that operates as a function of a debtor's post-bankruptcy "ability to pay." See § 523(a)(15)(A), nondischargeability with the 1998 Bankruptcy Code amendments. Third, debtors may take advantage of the Department's regulations providing loan repayment relief based on economic hardship. Debtors with "only" economic hardship should be "relegated" to these administrative options.

Lastly, because cause for undue hardship has also been understood as a citizen who falls under 150% of the poverty line, the Plaintiff certainly qualifies in the regard.

---

### LOANS TO BE DISCHARGED IN ADVERSARY PROCEEDING:

| Program/Lender Status | First disbursement date | Current principal balance | Interest rate | |
|---|---|---|---|---|
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 01/31/2000 | $5,069.59 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 05/19/2000 | $1,919.33 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 08/23/2000 | $8,111.33 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 05/09/2001 | $506.96 | 7.14% |
| **Stafford-UNSUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 05/15/2001 | $683.15 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 08/21/2001 | $5,069.58 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 01/22/2002 | $8,618.28 | 7.14% |
| **Stafford-UNSUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 01/22/2002 | $26,133.28 | 7.14% |
| **Signature Student-UNSUB/** SALLIE MAE ED TRUST/WILMINGTON TRST | Repayment | 09/10/2002 | $10,637.59 | 9.25% |
| **Signature Student-UNSUB/** SALLIE MAE ED TRUST/WILMINGTON TRST | Repayment | 09/06/2002 | $7,397.93 | 9.25% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 09/10/2002 | $8,618.28 | 7.14% |
| **Stafford-UNSUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 09/10/2002 | $26,751.44 | 7.14% |
| **Signature Student-UNSUB/** | Repayment | 09/23/2003 | $4,321.99 | 9.5% |

| | | | | |
|---|---|---|---|---|
| SALLIE MAE ED TRUST/WILMINGTON TRST | | | | |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 09/18/2003 | $6,463.72 | 7.14% |
| **Stafford-UNSUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 09/18/2003 | $21,073.19 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 06/25/2004 | $2,154.58 | 7.14% |
| **Stafford-UNSUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 06/25/2004 | $5,296.50 | 7.14% |
| **Stafford-SUB/** SALLIE MAE TRUST – LSC/FL | Repayment | 11/01/2004 | $4,863.75 | 7.14% |

TOTAL: 153,699 (rounded up to next dollar; does not include interest)

| | | | |
|---|---|---|---|
| Stafford/MOHELA | 09/27/1993 | $3,112 | 8.02% |
| Stafford/MOHELA | 09/27/1994 | $2,774 | 8.02% |
| Stafford/MOHELA | 10/17/1995 | $1,418 | 7.42% |
| Stafford/MOHELA | 02/04/1997 | $2,254 | 7.42% |
| UNStafford/MOHELA | 02/04/1997 | $4,560 | 7.42% |
| UNStafford/MOHELA | 09/23/1997 | $254 | 7.42% |
| Stafford/MOHELA | 09/23/1997 | $1,700 | 7.42% |
| UNStafford/MOHELA | 02/12/1998 | $6,082 | 7.42% |
| UnStaffordMOHELA | 08/17/1998 | $2,093 | 6.62% |
| StaffordMOHELA | 08/17/1998 | $4324 | 6.62% |

TOTAL: rounded up to nearest dollar = $28,571

The Plaintiff also seeks discharge from all loans specified below:

| | | | |
|---|---|---|---|
| (1) Citibank: accounts ending in 1120 | 10/2005 | $840 | |
| Citibank: account ending in 1121 | 10/2005 | $9334 | |
| (2) LMV Funding LLC: account ending in 0100 | 11/2000 | $2299 | UNK% |
| (3) EducaidExtra Prem.: account ending in 00001 | 10/1998 | $8,079 | UNK% |

TOTAL: rounded up to next dollar = $20,552

---

## AMOUNT OF DISCHARGE SOUGHT:

The Debtor/Plaintiff seeks full discharge of all loan debts, whether or not the totals have been identically specified in Chapter 7 Case **07-60283-abf7**, and shall include any fees associated with interest, late payments, end of contract, legal, or any other miscellaneous or contrived fee brought forth by loan authorities. The Plaintiff seeks full discharge as accorded under Bankruptcy Law. The Plaintiff is certain that, given current income, she can pay nothing ($0.00) toward her loans. The Plaintiff is certain that given hypothesized future income, that she cannot maintain a minimal standard of living without undue hardship. The debt total is $202,822; this total may be inflated (*specifically with the amended entry to include Campus Partners as a Defendant and any totals associated with this entry*) while adversarial process is underway, of which Plaintiff seeks relief as well.

Additionally, as stated in the entry above, "Supplemental Statement Filed With Bankruptcy Case" 07-60283-abf7. the Plaintiff plans to repay all student loans upon award from litigation won, should the Plaintiff be awarded restitution of loans. Should the court wish to include this as a condition of her complete discharge, the Plaintiff will so abide.

## CONCLUSION:

Due to the aforementioned unlawful and fraudulent circumstances which led to the bulk of the Plaintiff's debt, as well as current income and income for the past seven years, (falling well below poverty lines) and Plaintiff's efforts to repay loans given the resource, qualify the Plaintiff to be granted full discharge of all debt upon entry of this adversarial filing. It should be evident to the court that this case is not one of deception or careless credit use; this case is directly due to the defrauding of the Plaintiff, which has also been a factor when relieving students of repaying loan debt. The plea is hereby issued to apply the full measure of the Bankruptcy Law to provide the Plaintiff full relief under §11 U.S.C. 523 (a) (8) (B) and §11 U.S.C. 523 (a) (2). Therefore, the Debtor motions that the full discharge of all student loans, in conjunction with her Chapter 7 bankruptcy, be so ordered by the United States Bankruptcy Court-Western District of Missouri.


Lalonnie Marie                                          August 23, 2007

_____          _____
Electronic Signature of Debtor/Plaintiff Lalonnie Marie      Date


**The signatory above indicates that all statements herein are true and correct to the best of her knowledge, under penalty of perjury.**

## CERTIFICATE OF SERVICE

I, Lalonnie Marie, certify that I am, and at all times during the service of process, was not less than 18 years of age and not a party to the matter which the process of service was made. I further certify that the service of the Debtor's submission to the order for amendment and alteration was made August 23, 2007 by:

**Mail Service**, via the United States Postal Service, postage paid, upon the following person(s):

Michael H. Berman, Esquire
BERMAN & RABIN, PA
10660 Barkley
Overland Park, KS 66212

Citibank, NA
701 East 60th Street N.
Sioux Falls, SD 57104-0432

N. Larry Bork
GOODELL, STRATTON,
EDMONDS, & PALMER, LLP
515 S Kansas Avenue
Topeka, KS 66603

Educaidextra Prem. Ln
1200 N. 7th Street
Harrisburg, PA 17102-1419

LMV Funding, LLC
PO Box 10497
Greenville, SC 29603-0584

MOHELA
14528 S. Outer 40
Chesterfield, MO 63017-5785

Campus Partners
PO Box 970004
Boston, MA 02297-0004

Copy of submitted material retained by:
Lalonnie Marie
346 S. Yellowwood Dr
Springfield, MO 65809-3313
Lalamarie23@hotmail.com

Lalonnie Marie
Electronic Signature of Lalonnie Marie, Debtor

August 23, 2007
Date